E. G. WALKER, Appellee, v. W. H. LAUBSCHER, Appellant.

APPEAL AND ERROR: Findings of Fact, Etc.—Conflict of Testimony—Verdict—Conclusiveness. Rarely will the appellate court disturb a verdict on irreconcilable testimony. So declared on appeal in a cause involving a controversy over a division of commission received on the sale of a farm.

. *Appeal from Cedar District Court.*—JOHN T. MOFFIT, Judge.

WEDNESDAY, MAY 16, 1917.

REHEARING DENIED SEPTEMBER 24, 1917.

ACTION at law to recover upon an alleged oral contract to share in commissions earned in the sale of real estate. Verdict and judgment for plaintiff, and defendant appeals. —*Affirmed*.

*C. O. Boling*, for appellant.

*C. J. Lynch*, for appellee.

WEAVER, J.—The plaintiff alleges that both he and the defendant have, for a considerable period, been engaged in business as real estate agents, and that, in May, 1914, they entered into an oral agreement, by which they would render mutual assistance in such transactions, and by which, upon all sales brought about by their joint or common effort, the commissions so earned should be divided between them on the basis of 40 per cent to the plaintiff and 60 per cent to the defendant, the latter furnishing the use of an automobile in the business. He

further alleges that thereafter, and in pursuance of their agreement, the defendant and himself did jointly solicit buyers for various tracts of land, and that together they brought about the sale of a large farm by one Tracht to William Marsh, for which service they became entitled to receive a commission or margin of $2,000, which sum was in fact paid to the defendant, who, though requested so to do, neglects and refuses to pay over or to account to plaintiff for any part thereof. On the claim thus stated, a recovery of $800 is demanded.

The defendant denies the contract pleaded by the plaintiff, and denies that plaintiff had any part in negotiating the sale of the land in question, or that he has any right to or interest in any part of the commissions earned upon said sale. He admits, however, that he verbally agreed with plaintiff, who was then principally engaged in another line of business, that, if plaintiff should find and turn over to him any prospective purchaser of land, of which purchaser defendant did not have previous knowledge, then he would give or pay to plaintiff 40 per cent upon all commissions received upon sales so brought about. He further avers that, at the time the agreement was made, he (defendant) already had the Tracht farm listed, and that he alone was the procuring cause of the sale to Marsh, and that the commission earned thereon was in no manner subject to the agreement between him and plaintiff.

On the issues thus joined, the jury found for plaintiff for the full amount of his claim.

The sole exception argued by appellant upon which he seeks a reversal of the judgment below, is that the evidence is insufficient to support the verdict, and that the verdict is manifestly the result of passion and prejudice.

That there was evidence which, if true, tended directly to sustain the plaintiff's claim, can hardly be denied by any candid reader of the record. The plaintiff swears to the

agreement substantially as alleged in the petition. He fur-. ther swears that he had upon his own list the farm of one . Woods, which he reported to defendant; that together they started out to meet Marsh & Marsh and endeavor to sell them the Woods farm; and that, while on the road for that purpose, the defendant made to him the proposition: "Let's switch them fellows over onto the Tracht place. There is more commission in it for both of us." To this plaintiff says he agreed, and together they went with Marsh & Marsh to the Tracht farm, where a sale was accomplished. He concedes that defendant took the lead or principal part in talking with the seller and purchaser, but avers that he himself did, to some extent, take an active part in bringing the deal to a successful conclusion. Both plaintiff and defendant went with the buyers and seller to the notary's office, where the written contract of sale was made.

Defendant positively denies making any agreement with plaintiff except as pleaded in the answer, and positively denies the conversation related by the plaintiff with reference to switching the buyers from the Woods farm to the Tracht farm, or that he spoke of there being a better commission for both of them in a sale of the latter. He further swears that he took plaintiff in his car on the day of the sale solely because plaintiff asked permission to ride, and in so doing, voluntarily said he would make no claim to any share in the commission. This testimony is denied by the plaintiff. In addition to the denials by the defendant as a witness, the defense relies principally upon the testimony of Tracht and the Marshes that, at the meeting at the farm where the sale was made, plaintiff had little, if anything, to say, and they did not know that he was an agent in the transaction.

It will be seen at once that, in so·far as the terms of the agreement between the parties are concerned, the conflict is one which involves their veracity as witnesses. Both

cannot be telling the truth. If plaintiff is to be believed, he is clearly entitled to recover. If defendant is to be believed, no recovery should be had against him. That the credibility of witnesses and the value of their testimony are matters for the jury alone is among the most elementary principles of the law governing actions of this kind. There are, of course, exceptional cases where the apparent weight and value of the evidence is so clearly against the finding of the jury that the court, in the interest of justice, will order a new trial; but it must be a very clear case indeed in which this court will assume to override the judgment of both jury and trial court upon a question of this nature. So far as the truthfulness of a witness is concerned, the judgment of the average conscientious juror, who sees the witness, notes his appearance, demeanor and tone of voice, and compares him with other witnesses and his testimony with other testimony, is, to say the least, quite as sure to be correct as that of the average conscientious judge upon the bench, who must reach his conclusion upon the basis of the printed page alone. There is nothing inherently unlikely or unreasonable in the story told by the plaintiff, and the finding of the jury that the contract was made as he pleads it and testifies to it is to be accepted as conclusive. The fact, if it be a fact, that he took but a minor part in the negotiation at the farm, or even if he remained silent, and left the defendant to do all the talking, is not necessarily sufficient to defeat his right to share in the commission. If the contract was as he alleges and as the jury found it to be, and if he and the defendant started out to induce the Marshes to buy the Woods farm,—a deal in which he would admittedly be entitled to share,—and then he agreed, at defendant's suggestion, to "switch" their customers "onto the .Tracht farm," where a better commission was obtainable, and they did so, he was as much entitled to a part of the commission as if he had personally con-

ducted the negotiation; and the fact that Tracht and the Marshes did not know of his connection with the deal was entirely immaterial. All these matters and circumstances were before the jury, and its verdict thereon is against the defendant.

We discover no ground for saying that the verdict must have been influenced by passion or prejudice.

No other assignment of error has been argued. The exception which has been presented must, for reasons above stated, be overruled, and the judgment of the district court is—*Affirmed.*

GAYNOR, C. J., PRESTON and STEVENS, JJ., concur.